UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDINI REAL ESTATE, INC., <br><br>    Plaintiff, <br><br>v. <br><br>FLORO LORENZO CRUZ, et al., <br><br>    Defendants. | Case No. 15-cv-04231-JCS <br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT AND DEFENDANT REQUIRED TO PAY ATTORNEYS' FEES** |

    This is an unlawful detainer action originally filed in the California Superior Court for the County of San Mateo, assigned the case number CLJ211119 in that court. Defendant Lorenzo Cruz, Jr. ("Cruz") previously removed to this Court asserting jurisdiction under 28 U.S.C. § 1443(1), which provides for the removal of certain cases where the state court is unable to enforce a defendant's federal civil rights. *See generally Baldini Real Estate Inc. v. Cruz*, No. 15-cv-2932-YGR (N.D. Cal.) (the "2932 Case"). The Honorable Yvonne Gonzalez Rogers granted a motion to remand by Plaintiff Baldini Real Estate, Inc. ("Baldini"), although she denied Baldini's request for attorneys' fees.

    On that first removal, Cruz failed to respond to Baldini's motion. Remand Order (2932 Case dkt. 5) at 1. Judge Gonzalez Rogers found two independent grounds for remand. First, she held that Cruz's removal failed to comply with 28 U.S.C. § 1446(b) because it was not timely, and that Cruz therefore waived any right to remove that he might have had. *Id.* at 2−3. Second, she held that this Court lacked subject matter jurisdiction over the case, and that Cruz's reliance on § 1443(1) was misplaced because he did not allege racial discrimination and binding "Supreme Court and Ninth Circuit precedent undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon *racial* discrimination." *Id.* at 3−4 (citing *Georgia v. Rachel*, 384 U.S.

1  780, 788−92 (1966); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998−99 (9th Cir. 2006)).  Judge
2  Gonzalez Rogers also commented in a footnote that Cruz's notice of removal did not indicate
3  whether his codefendant Armie Cruz joined in the removal. *Id.* at 3 n.3.
4      Cruz has now removed once again to this Court.  His present notice of removal does not
5  appear to resolve the issues identified in Judge Gonzalez Rogers's order.  He does not address the
6  previous finding that his removal was not timely.  He continues to argue that the case is removable
7  under § 1443(1) because the California courts purportedly violated his federal due process rights,
8  but does not identify any discrimination based on race, or any authority overruling the Supreme
9  Court's holding that "broad contentions under the . . . Due Process Clause . . . cannot support a
10 valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms
11 of general application available to all persons or citizens, rather than in the specific language of
12 racial equality that § 1443 demands." *See Rachel*, 384 U.S. at 792.  Cruz "urges this Court to
13 consider a comprehensive reevaluation of the . . . Civil Rights Removal doctrine articulated in
14 [e.g.] *Rachel v. Georgia*," Notice of Removal (dkt. 1) ¶ 25, but this Court has no power to
15 "reevaluate" binding Supreme Court precedent.  Finally, Cruz's present notice of removal adds the
16 argument that the case is removable because the Court has diversity jurisdiction under 28 U.S.C.
17 § 1332, *see* Notice of Removal ¶¶ 11−17, but he fails to provide any information about the
18 citizenship of any party, and also fails to address 28 U.S.C. § 1441(b)(2), which provides that a
19 case originally filed in state court cannot be removed based on diversity jurisdiction "if any of the
20 parties in interest properly joined and served as defendants is a citizen of the State in which such
21 action is brought."
22     If a case is improperly removed, "[a]n order remanding the case may require payment of
23 just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28
24 U.S.C. § 1447(c).  An award of attorneys' fees may be appropriate where removal has been
25 "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and
26 "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v.*
27 *Franklin Capital Corp.*, 546 U.S. 132, 140−41 (2005).
28     Accordingly, Cruz is hereby ORDERED to show cause why this action should not be

1  remanded to the California Superior Court for the County of San Mateo, and why Cruz should not
2  be liable for Baldini's reasonable attorneys' fees. **The parties may file a response to this Order**
3  **no later than Tuesday, October 6, 2015, and Cruz shall appear for a show cause hearing at**
4  **9:30 AM on Friday, October 9, 2015 in Courtroom G, located on the 15th floor of the federal**
5  **courthouse at 450 Golden Gate Avenue, San Francisco, California.**[1] If Cruz fails to appear,
6  the undersigned will recommend that the case be remanded and may recommend that Cruz be
7  sanctioned.

Cruz, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: September 25, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Counsel for Baldini is encouraged to request a telephonic appearance in order to minimize attorneys' fees.