UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDINI REAL ESTATE, INC., <br>     Plaintiff, <br>     v. <br> FLORO LORENZO CRUZ, et al., <br>     Defendants. | Case No. 15-cv-04231-JCS <br><br> **AMENDED[1] REPORT AND RECOMMENDATION REGARDING REMAND, ATTORNEYS' FEES, AND PRE-FILING REVIEW** <br><br> Re: Dkt. Nos. 5, 7 |

## I.  INTRODUCTION

This is an unlawful detainer action originally filed in the California Superior Court for the County of San Mateo and assigned the case number CLJ211119 in that court (the "State Court Action"). The case has been removed and remanded once before, and the undersigned magistrate judge issued an Order to Show Cause (the "OSC," dkt. 5) why it should not be remanded again and why Defendant Floro Lorenzo Cruz should not be required to pay attorneys' fees incurred by Plaintiff Baldini Real Estate, Inc. ("Baldini"). Baldini also moves for remand and attorneys' fees, as well as an order declaring Cruz a vexatious litigant and requiring pre-filing review of any further attempts to remove this action. *See* Mot. (dkt. 7). The undersigned held a hearing on the OSC on October 9, 2015, and a second hearing on Baldini's Motion on October, 16, 2015. For the reasons stated below, the undersigned recommends that the case be REMANDED, that Cruz be ORDERED to pay Baldini's attorneys' fees in the amount of $3,040, and that the Court enter an order REQUIRING PRE-FILING REVIEW of any further removal of this action.

---

[1] This Amended Report is identical to the previously-filed version (dkt. 13) except to correct an error on page 7. The previous Report referenced state bar records for Jonathan Andrew Bornstein, state bar number 196345, who has been admitted to practice for more than seventeen years. Plaintiff's attorney is Jonathan Herschel Bornstein, state bar number 163392, who has been admitted for more than twenty-two years. The discrepancy does not alter the undersigned's substantive recommendations.

Because not all parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the case will be assigned to a United States district judge for further proceedings, including action on these recommendations. Any party that wishes to file an objection to these recommendations may do so **no later than fourteen days after being served with a copy of this Report.**

## II. BACKGROUND

Defendant Lorenzo Cruz, Jr. previously removed the State Court Action to this Court asserting jurisdiction under 28 U.S.C. § 1443(1), which provides for the removal of certain cases where the state court is unable to enforce a defendant's federal civil rights. *See generally Baldini Real Estate Inc. v. Cruz*, No. 15-cv-2932-YGR (N.D. Cal.) (the "2932 Case"). The Honorable Yvonne Gonzalez Rogers granted Baldini's motion to remand, although she denied Baldini's request for attorneys' fees. *See generally* Remand Order (2932 Case dkt. 5).[2]

On that first removal, Cruz failed to respond to Baldini's motion to remand. Remand Order at 1. Judge Gonzalez Rogers found two independent grounds for remand. First, she held that Cruz's removal failed to comply with 28 U.S.C. § 1446(b) because it was not timely, and that Cruz therefore waived any right to remove that he might have had. *Id.* at 2−3. Second, she held that this Court lacked subject matter jurisdiction over the case, and that Cruz's reliance on § 1443(1) was misplaced because he did not allege racial discrimination and binding "Supreme Court and Ninth Circuit precedent undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon *racial* discrimination." *Id.* at 3−4 (citing *Georgia v. Rachel*, 384 U.S. 780, 788−92 (1966); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998−99 (9th Cir. 2006)). Judge Gonzalez Rogers also commented in a footnote that Cruz's notice of removal did not indicate whether his codefendant Armie Cruz joined in the removal. *Id.* at 3 n.3.

Cruz has now once again removed the State Court Action to this Court. His present notice of removal does not appear to resolve the issues identified in Judge Gonzalez Rogers's order. He does not address the previous finding that his removal was not timely. He continues to argue that

---

[2] *Baldini Real Estate Inc. v. Cruz*, No. 15-cv-2932-YGR, 2015 WL 4760510 (N.D. Cal. Aug. 12, 2015).

the case is removable under § 1443(1) because the California courts purportedly violated his federal due process rights, but does not identify any discrimination based on race, or any authority overruling the Supreme Court's holding that "broad contentions under the . . . Due Process Clause . . . cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *See Rachel*, 384 U.S. at 792. Cruz "urges this Court to consider a comprehensive reevaluation of the . . . Civil Rights Removal doctrine articulated in [e.g.] *Rachel v. Georgia*." 2d Notice of Removal (dkt. 1) ¶ 25. Finally, Cruz's present notice of removal adds the argument that the case is removable because the Court has diversity jurisdiction under 28 U.S.C. § 1332, *see* 2d Notice of Removal ¶¶ 11−17, although he fails to provide any information about the citizenship of any party, and also fails to address 28 U.S.C. § 1441(b)(2), which provides that a case originally filed in state court cannot be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The undersigned issued an Order to Show Cause on September 25, 2015, ordering Cruz to demonstrate why the case should not be remanded again and why Cruz should not be required to pay Baldini's attorneys' fees arising from the second removal. *See* OSC. On October 5, 2015, Baldini filed its present Motion seeking that the case be remanded, Cruz be required to pay Baldini's attorneys' fees, and the Court enter an order requiring pre-filing review of any further removal. *See* Mot. Baldini argues that Cruz has engaged in a pattern of delay, including filing baseless bankruptcy petitions. *See id.* The Court held a hearing on the Order to Show Cause on October 9, 2015, and a second hearing on Baldini's Motion—which goes beyond the Order to Show Case in that it requests a pre-filing review order—on October 16, 2015. Cruz did not file any response to either the Order to Show Cause or Baldini's Motion, although he did appear at both hearings.

### III. ANALYSIS

#### A. Remand

##### 1. Legal Standard

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

##### 2. Removal Was Not Timely Under 28 U.S.C. § 1446(b)

A notice of removal must be filed within thirty days of service of an initial pleading or summons. 28 U.S.C. § 1446(b)(1). In the previous order remanding this case, Judge Gonzalez Rogers determined that summons in the underlying action was served on May 20, 2015. Remand Order at 2. "To be timely under 28 U.S.C. section 1446(b), therefore, defendant's notice of removal would have to have been filed in federal court no later than June 19, 2015." *Id.* at 3. Judge Gonzelez Rogers held that the first removal was not timely because Cruz filed it five days late on June 24, 2015. *Id.* Cruz's present Notice of Removal fails to address timeliness. The present removal was filed on September 17, 2015—one hundred twenty days after service of process. This alone is reason for remand.

##### 3. Removal Was Not Proper Under 28 U.S.C. § 1443(1)

On the previous removal, Judge Gonzalez Rogers rejected Cruz's contention that the case was removable under 28 U.S.C. § 1443(1), which provides for removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof,"

4

because binding Supreme Court and Ninth Circuit precedent dictate that § 1443(1) is limited to "cases where [removal] is predicated upon *racial* discrimination." Remand Order at 4 (citing *Georgia v. Rachel*, 384 U.S. 780, 788−92 (1966); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998−99 (9th Cir. 2006)). Cruz does not argue that he is a victim of racial discrimination by the California courts, and instead "urges this Court to consider a comprehensive re-evaluation of" *Rachel*, among other Supreme Court decisions. 2d Notice of Removal ¶¶ 25, 29−30. This Court is bound by the precedent of the Supreme Court and the Ninth Circuit, and has no authority to reconsider those decisions and the rules set forth therein. The undersigned finds no basis for removal under § 1443(1) because Cruz has failed to establish any discrimination based on race.

### 4. Removal Was Not Proper Under 28 U.S.C. §§ 1332 and 1441(b)

Cruz's present Notice of Removal also asserts that removal was proper based on diversity jurisdiction under 28 U.S.C. § 1332. 2d Notice of Removal ¶¶ 11−17. Federal courts have diversity jurisdiction only where there is complete diversity of citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see, e.g.*, *Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). The removal statute also provides that a case cannot be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Cruz presents no evidence or allegation of any party's citizenship, and thus has not met his burden to show that complete diversity of citizenship exists. Further, even if the parties' citizenships were diverse, it appears from the record that Cruz is a citizen of California. Under § 1441(b)(2), Cruz therefore cannot invoke diversity jurisdiction to remove a case originally filed in a California court. The Court need not address the amount-in-controversy requirement.

### 5. Removal Was Not Proper Under 28 U.S.C. §§ 1331 and 1441

Cruz also asserts that "[r]emoval is proper because defendants filed suit in the federal court claiming matters which involve federal questions." 2d Notice of Removal ¶ 10. The undersigned takes judicial notice of this Court's case number 12-cv-03219-WHO, in which Floro and Armie Cruz brought claims against three financial and mortgage corporations (although not Baldini)

1  relating to an alleged wrongful foreclosure. That action was dismissed by the parties' stipulation
2  on January 7, 2015. Cruz fails to explain why that action or any other case he filed in federal court
3  affects the removability of the present case, which Baldini filed in state court based on a state-law
4  unlawful detainer claim. The undersigned finds no grounds for removal based on federal question
5  jurisdiction.

* * *

Because removal was untimely, and because there was no valid basis for removal, the undersigned recommends that the case be once again REMANDED to the California Superior Court for San Mateo County.

### B. Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140−41 (2005).

Here, Cruz's second removal was objectively unreasonable. The Court previously found the removal procedurally improper as untimely, and also unsupported by any statutory basis for removal. *See generally* Remand Order. Cruz's second Notice of Removal failed to address the timeliness issue entirely, and provided only legally baseless arguments addressing Judge Gonzalez Rogers's analysis of § 1443(1). *See generally* 2d Notice of Removal. Cruz has now removed this case twice, and also filed multiple bankruptcy petition that delayed foreclosure. *See* Mot. at 5−6; Bornstein Decl. (dkt. 7-1) ¶¶ 10−11 & Ex. D (June 22, 2015 Order of the United States Bankruptcy Court for the Northern District of California barring Cruz from filing any further bankruptcy petition without leave of the court for two years). At the hearing on the Order to Show Cause in this case, Cruz stated that he intended to delay the case so that he would have additional time to find a lawyer. Whether there is any basis to stay the case is a question for the state court— removal "for the purpose of prolonging litigation" is improper. *See Martin*, 546 U.S. at 140−41.

Further, while a pro se plaintiff's misunderstanding of the law may be understandable in the first instance, in this case Cruz had the benefit of Judge Gonzalez Rogers's Order explaining why the case was not removable, and nevertheless removed for a second time. The undersigned therefore recommends awarding Baldini its reasonable attorneys' fees.

Baldini's counsel submits a declaration stating that he spent eight hours preparing Baldini's present Motion and that his hourly billing rate is $380, resulting in total fees of $3,040. Bornstein Decl. ¶ 14. Although Baldini failed to submit any materials justifying its counsel's billing rate as reasonable, the undersigned takes judicial notice of California state bar records indicating that Mr. Bornstein has been admitted to practice law for more than twenty-two years. Taking into account that Baldini has not requested fees for its counsel's appearance at the two hearings on the present removal, the undersigned finds the total fee request to be reasonable, and recommends that it be awarded. *See* State Bar of Cal., *Attorney Profile: Jonathan Herschel Bornstein - #163392*, http://members.calbar.ca.gov/fal/Member/Detail/163392 (accessed Oct. 16, 2015). Accordingly the undersigned recommends that the Court ORDER Cruz to pay Baldini $3,040 in attorneys' fees.

### C.  Vexatious Litigant Order and Pre-Filing Review

In another case involving serial removals of a state court unlawful detainer action—in that case, four successive removals—Judge Lloyd set forth the standard for declaring a party to be a vexatious litigant and entering an order requiring pre-filing review:

> "Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances,'" including the issuance of pre-filing orders. *Bridgewater v. Hayes Valley Ltd. Partnership*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal., Feb. 11, 2011) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Pre-filing orders are rarely used and "cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Nevertheless, "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater*, 2011 WL 635268 at *4 (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And, "'[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)

> (quoting *De Long*, 912 F.2d at 1148)). In determining whether a pre-filing order should issue, courts must (1) give the litigant notice and an opportunity to be heard; (2) compile and adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the litigant's filings; and (4) narrowly tailor any resulting order to fit the specific vice encountered. *Id.*

*NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014) (alteration in original), *report and recommendation adopted*, 2014 WL 3867781 (Aug. 4, 2014). The undersigned addresses each of the four requirements in turn.

First, Cruz has had a notice and opportunity to be heard because the undersigned set a schedule for Baldini's Motion inviting Cruz to file an opposition by October 15, 2015. *See* Order Re Letter Received from Counsel (dkt. 6). Baldini filed its Motion pursuant to that schedule on October 5, 2015, but Cruz failed to respond. Cruz has twice appeared at hearings at which the undersigned invited him to respond to Baldini's request for a pre-filing review order. Finally, Cruz will have an opportunity to file objections to this recommendation before the Court determines whether to adopt it.

Second, there is an adequate record of abuse of the removal procedure in this unlawful detainer action. Cruz's second Notice of Removal fails to adequately respond to the reasons that Judge Gonzelez Rogers set forth explaining why the first removal was improper. At the Order to Show Cause hearing, Cruz stated that he intended to delay the action to allow himself more time to obtain a lawyer, which is not a valid basis for removal. Further, there is a record of Cruz submitting numerous improper bankruptcy filings for the purpose of delay. *See* Bornstein Decl. Ex. D.

Third, the undersigned finds Cruz's removals to be frivolous, because he failed to timely remove under § 1446(b), is barred from removing on the basis of diversity jurisdiction under § 1441(b), has failed to demonstrate any basis for subject matter jurisdiction, and asks the Court to disregard binding Supreme Court authority regarding § 1443(1). Although a pro se litigant's misunderstanding of the law may in some circumstances be understandable, Cruz cannot claim ignorance as to his second removal after receiving the Court's order remanding the case after his first removal. Moreover, Cruz stated at the Order to Show Cause hearing that he intended to delay

the action. The record as a whole indicates an intent to delay rather than a bona fide desire to litigate in a federal forum, and suggests that Cruz is likely to file further frivolous removals if not restricted from doing so by an order of the Court.

"Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). The undersigned recommends that, as in *NGA Investment*, a vexatious litigant order be narrowly drawn to encompass only further removals of this unlawful detainer action, and to allow Cruz to seek leave of the Court for such removals rather than barring removal entirely. The undersigned therefore recommends that the Court enter the following order:

> IT IS HEREBY ORDERED that before filing any further notices of removal of San Mateo County Superior Court case number CLJ211119, Floro Lorenzo Cruz must first file a motion with the Court seeking leave to file a notice of removal. Any such motion must include: (1) a copy of Judge Spero's Report and Recommendation issued in this case, (2) a copy of this Order, and (3) a copy of the proposed filing. The Clerk of the Court shall not accept for filing any further notices of removal of San Mateo County Superior Court case number CLJ211119 unless accompanied by an order from a judge of this district granting leave to file the removal papers.

The language above is included only to illustrate the recommended order and to allow Cruz an opportunity to respond. No such order will be entered unless and until these recommendations are adopted by a United States district judge.[3]

## IV.     CONCLUSION

For the reasons stated above, the undersigned recommends that this case be REMANDED to the Superior Court of California for the County of San Mateo, that Cruz be ORDERED to pay Baldini's attorneys' fees in the amount of $3,040 and that an order be entered REQUIRING PRE-FILING REVIEW of any further removal of this unlawful detainer action. Because not all parties have consented to the jurisdiction of a magistrate judge, this case will be reassigned to a United

---

[3] At the October 16, 2015 hearing, Baldini requested that Armie Cruz—Floro Cruz's wife and codefendant in the State Court Action—also be barred from further removal. Based on Armie Cruz's lack of involvement in either removal, the undersigned does not recommend issuing such an order. However, the parties are instructed to ensure that Armie Cruz receives a copy of this Report.

1 States district judge for further proceedings, including action on this recommendation—either to
2 Judge Gonzalez Rogers if she determines this case is related to the 914 Case, or to a randomly
3 assigned district judge if Judge Gonzalez Rogers determines that it is not related.  **Any party that**
4 **wishes to file objections to this recommendation may do so within fourteen days of being**
5 **served with a copy of this report.**  *See* 28 U.S.C. § 636(b).

Cruz, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: October 16, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge